**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-120-JBC**

**LONG JOHN SILVER'S, INC.,**                                                                    **PLAINTIFF,**

**V.**                                       **MEMORANDUM OPINION AND ORDER**

**SYED NAVEED ZAIDI, ET AL.,**                                                      **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's motion for summary

judgment, which the court construes to include a motion for attorneys' fees and

costs (R. 41).  The court will grant the unopposed motions because the plaintiff's

evidence and the defendants' admissions leave no genuine issue of material fact

and establish as a matter of law the defendants' liability for defaulted obligations to

the plaintiff.

**I.  The Galveston Property**

In 1988, the plaintiff leased from Edmond and Catherine Henderson real

property in Galveston, Texas, for the operation of a Long John Silver's (LJS)

restaurant. In 1994, the plaintiff entered a sublease agreement that provided for

Nasir Chaudhri to continue the operation of the Galveston property as an LJS

restaurant.  In early 2001, Chaudhri entered an agreement with the defendant Syed

Naveed Zaidi in which Chaudhri assigned his rights and interests under the 1994

sublease to Zaidi to continue operating the Galveston property as an LJS

restaurant.  Concurrently, the plaintiff entered a franchise agreement with Zaidi in which it granted Zaidi the right to operate an LJS restaurant on the Galveston property.  *See* R. 1, Ex. B-D.

In 2003, Zaidi executed a sublease assignment with ABZ Management, Inc., in which he assigned all of his rights under the 1994 sublease to ABZ.  The plaintiff consented to this assignment, subject to Zaidi's acknowledgment that Zaidi was not released from his liability under the sublease.  *See* R. 1, Ex. G.  Within a few years, ABZ failed to perform to the plaintiff's satisfaction its assigned obligations under the 1994 sublease and 2003 assignment.  *See* R. 10, 41.  ABZ abandoned the Galveston property, and in March 2006, the plaintiff agreed with its landlords, the Hendersons, to terminate the original lease for the Galveston property.  From 2005 through early 2007, the plaintiff notified Zaidi three times that ABZ had defaulted on its obligations and that Zaidi remained liable.  Zaidi did not pay the amounts demanded by the plaintiff under the sublease, including unpaid rent, taxes, and a lease termination fee.  *See* R. 1, 10.

## II.  The Deer Park Property

In 2002, the plaintiff entered into a franchise agreement with the defendant Alif International USA, Inc., in which the plaintiff granted Alif the right to operate an LJS restaurant in Deer Park, Texas.  Zaidi, who is president, 100% shareholder, and service-of-process agent for Alif, signed and delivered to the plaintiff a personal guaranty of Alif's obligations under the Deer Park franchise agreement.  *See* R. 1,

2

Ex. E, F; R. 10.

In January 2008, the plaintiff notified Zaidi that as a result of Alif's failure to pay amounts due, Zaidi was in default of the Deer Park franchise agreement. Later that same month, the plaintiff notified the defendants that the Deer Park franchise agreement was terminated due to the defendants' default and directed that the defendants comply with the agreement's post-termination obligations. However, the defendants continued to operate the Deer Park property as an LJS restaurant.

**III. The suit**

The plaintiff filed a complaint on March 4, 2008, claiming breach of various contracts and requesting injunctive relief and damages from unpaid rent, taxes, lease termination fees, royalties, advertising fees, liquidated damages, late fees, interest, attorneys' fees, costs, and expenses. *See* R. 1. On March 26, 2008, the court ordered the defendants to cease operation of the Deer Park restaurant, including de-imaging of LJS proprietary marks, no later than April 1, 2008. The defendants did not complete de-imaging until May 20, 2008. Also, the defendants did not pay royalty and advertising fees from the date of termination, January 31, 2008, through the date they ceased operating the Deer Park property as an LJS restaurant, April 1, 2008. Further, Zaidi did not pay the indebtedness of Alif that the plaintiff claims is required by the Deer Park franchise agreement and Zaidi's personal guaranty.

On August 27, 2008, the plaintiff requested discovery from the defendants.

3

Between that time and June 2009, the case encountered various delays: discovery deadlines were extended, the defendants' counsel withdrew from the case, and conferences were rescheduled. *See* R. 23-34. On February 25, 2009, the parties notified the court of pending settlement. On March 10, 2009, the court dismissed the case without prejudice. On April 23, 2009, upon the plaintiff's motion to re-docket the case, the court re-opened the suit and ordered the defendants to answer discovery requests within ten (10) days. *See* R. 39. The defendants did not do so. On June 9, 2009, the plaintiff moved for summary judgment, arguing that $281,153.25 is owed by the defendants as a result of their breach of contracts involving the Galveston and Deer Park properties, and that the defendants admit facts in their answer of April 16, 2008, that make them liable for such obligations.

The defendants did not respond to the plaintiff's motion for summary judgment. In the absence of such a response, the plaintiff still carries the burden of proving that there are no genuine issues of material fact. *See* Fed. R. Civ. P. 56(c),(e); *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). However, the court will not serve as the advocate for the defendants; instead, the court may rely, in its reasoned exercise of judgment, on the evidence as set forth by the plaintiff in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted. *See Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 410 (6th Cir. 1992).

4

The evidence provided by the plaintiff shows that the defendants were responsible for certain obligations under the 1994 Galveston sublease and the 2002 Deer Park franchise and guaranty agreements, but did not meet them.  Specifically, the Galveston sublease provides that in the event of default, the sublessee will be responsible for unpaid rent and taxes, including late payment charges and interest, and an early termination fee.  *See* R. 1, Ex. B.  Together, the Deer Park franchise agreement and guaranty provide that in the event of default, the franchisee and guarantor may be responsible for royalty and advertising fees with interest, liquidated damages for failure to timely de-image the restaurant, and attorney's fees.  *See* R. 1, Ex. E, F.  In their answer to the plaintiff's complaint, the defendants admit the existence of these contracts, and that they have not paid the amounts that the plaintiff claims are owed.  The defendants do not deny the facts as the plaintiff alleges them, but deny liability, claiming that the agreements "call for a legal conclusion" or "speak for themselves."  *See* R. 10.  The plaintiff's evidence, including the agreements among the parties; the affidavit of Leanne Quon, the plaintiff's senior financial analyst; billing documents; and the defendants' admissions, establish the existence of enforceable contracts, breach of those contracts by the defendants, and damages caused by reason of the breach.  *See* R. 1, 10, 41; *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky. 1952).  No genuine issues of material fact remain.  Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment and

5

motion for attorneys' fees and costs (R. 41) are **GRANTED.**  Judgment is entered

contemporaneously with this order.

Signed on  November 13, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6